UNITED STATES of America, Plaintiff—Appellee,

v.

Timothy WILLIAMS, Defendant—Appellant.

No. 05–10071.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 7, 2005.*

Decided Dec. 9, 2005.

Kimberly M. Hare, Assistant U.S. Attorney, Phoenix, AZ, for Plaintiff–Appellee.

Fed. R.App. P. 34(a)(2).

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Gerald A. Williams, AFPD, FPDAZ—Federal Public Defender's Office, Phoenix, AZ, for Defendant–Appellant.

Before: B. FLETCHER, THOMPSON, and BEA, Circuit Judges.

## MEMORANDUM**

Timothy Williams appeals the conviction and sentence entered against him in the United States District Court for the District of Arizona after a jury found him guilty of "Assault Resulting in Serious Bodily Injury" in violation of 18 U.S.C. § 113(a)(6). His sole claim is that the evidence presented at trial was insufficient to support his conviction. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

We review sufficiency of evidence claims de novo. *United States v. Duran,* 189 F.3d 1071, 1078 (9th Cir.1999). "There is sufficient evidence to support a conviction if, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.*

Williams contends the evidence presented at his trial was insufficient to support his conviction because no rational trier of fact could find the victim's bodily injuries were "serious" as defined in 18 U.S.C. § 1365(h)(3)—a definition that 18 U.S.C. § 113(b)(2) incorporates by reference. As we acknowledged when interpreting an older version of 18 U.S.C. § 113 in *United States v. Johnson,* 637 F.2d 1224 (9th Cir. 1980), *abrogated on other grounds by*

*Schmuck v. United States,* 489 U.S. 705, 109 S.Ct. 1443, 103 L.Ed.2d 734 (1989), "the existence ... of serious bodily injury in a given case is primarily a jury question depending upon an evaluation of all the circumstances of the injury or injuries." *Id.* at 1246.

Here, viewing the evidence presented at Williams' trial in the light most favorable to the government, a rational trier of fact could have found that the victim suffered serious bodily injuries. It is immaterial whether a rational trier of fact might alternatively have found that the victim suffered mere "bodily injuries"; when either finding would be rational, we do not substitute our judgment for that of the jury. *See id.* at 1242.

AFFIRMED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.